## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO.  1:06CV154
### (1:02CR105-2)

| | | |
|---|---|---|
| HAROLD CHATMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER OF DISMISSAL** |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and his motion to amend that petition.  No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the

2

movant is not entitled to relief in the district court, the judge
shall make an order for its summary dismissal and cause the
movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United
States District Courts.**

On December 2, 2002, the Petitioner and 12 co-Defendants were
charged with conspiracy to possess with intent to distribute cocaine base;
the Petitioner was also charged with using a firearm during and in relation
to a drug trafficking offense. **Bill of Indictment, filed December 2, 2002.**
On February 27, 2003, pursuant to a plea agreement with the Government,
the Petitioner plead guilty to the two counts of the indictment. On
September 18, 2003, the undersigned sentenced the Petitioner to a term of
184 months of imprisonment. **Judgment in a Criminal Case, filed
October 10, 2003.** The Petitioner did not file an appeal of his conviction
and/or sentence.[1] Therefore, the Petitioner's conviction became final on

_____

[1]Contrary to the statement contained in the Petitioner's motion, he did
not file an appeal of his conviction and sentence. *See* **Motion, at 3.** He
did appeal, however, a ruling by this Court denying him copies of various
documents as well as transcripts of his Rule 11 and sentencing hearings.
*See* **Order, filed September 23, 2004; Request for Issuance of
Certificate of Appealability (*construed as notice of appeal*), filed
October 25, 2004.** The Fourth Circuit affirmed this Court's ruling by
opinion filed May 4, 2005. ***United States v. Chatman,* 127 Fed. Appx.
660 (4th Cir. 2005).**

3

October 20, 2003.  *United States v. Wilson*, 256 F.3d 217, 221 (4ᵗʰ Cir.

2001) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999));

*United States v. Walker*, 194 F.3d 1307 (table), 1999 WL 760237 (4ᵗʰ

Cir. 1999) (citing *Adams v. United* States, 173 F.3d 1339, 1343 n.2 (11ᵗʰ

Cir. 1999)).  Petitioner signed his § 2255 motion on April 28, 2006, and

same was filed in this Court on May 23, 2006.

> Prior to the Antiterrorism and Effective Death Penalty Act
> (AEDPA), a prisoner possessed virtually unlimited amounts of
> time to file a first petition for collateral review under 28 U.S.C.
> §§ 2254 and 2255.  In an attempt to curb the protracted nature
> of such litigation, Congress established a one-year period of
> limitations. . . .  In relevant part, the AEDPA amended § 2255
> by adding the following language:
>
> > A 1-year period of limitation shall apply to a motion
> > under this section.  The limitation period shall run
> > from the latest of -
> > > (1) the date on which the judgment of
> > > conviction becomes final; . . . .
>
> We are left with the question of when a judgment is to be
> considered final.  The Supreme Court has addressed the
> question of finality in the context of retroactivity.  The Court
> defined a conviction as being final when "a judgment of
> conviction has been rendered, the availability of appeal
> exhausted, and the time for a petition for certiorari elapsed or a
> petition for certiorari finally denied."

*Gendron v. United States,* 154 F.3d 672, 673-74 (7ᵗʰ Cir. 1998) (quoting

*Griffith v. Kentucky,* 479 U.S. 314, 321 n.6 (1987)).  Because the motion

4

was filed some two years and seven months after the Petitioner's

conviction became final, the undersigned, therefore, concludes this motion

is untimely filed. *Id.*

     **IT IS, THEREFORE, ORDERED** that the Petitioner's motion to

vacate, set aside, or correct sentence is hereby **DISMISSED WITH**

**PREJUDICE.**

     **IT IS FURTHER ORDERED** that the Petitioner's motion to amend is

**DENIED** as moot.

Signed: June 12, 2006

Lacy H. Thornburg
United States District Judge